UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| V. : | Docket No. 22-CR-56 (APM) |
| Juliano Gross : | SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT |

**SENTENCING MEMORANDUM**

Juliano Gross is a 29-year-old, man, with some college education, who is currently receiving disability due to his mental health issues. He remains extremely remorseful for his actions on January 6th, 2021. When he was contacted by law enforcement shortly after the offense, he was cooperative and made every attempt to assist law enforcement with their investigation into his conduct and the conduct of others. He has been compliant with pretrial supervision for almost a year, pled guilty, and has cooperated in all aspects and in accordance with his plea agreement. Juliano Gross was not one of the people who engaged in violence or property destruction.

Juliano Gross's mother drove him to Washington, D.C. so they both could attend the protest where President Trump spoke. Then, he alone traveled to the Capitol building. At the Capitol building he livestreamed his entry and movements inside and began parroting the chants of the then president and other's who challenged the election results. At no time did he act violently toward others or destroy property.

Twelve months later, Juliano Gross was arrested in his home. He has since pled guilty and faces a misdemeanor, non-guidelines sentence of up to 6 months in prison.[1] He has agreed to pay restitution of $500 as well as the $110 special assessments.

A balance of the § 3553(a) factors in this case weighs in favor of a sentence that

---

[1] U.S. Presentence Report (PSR) cover page. Dkt. #25.

includes a two-year term of probation with conditions.

Juliano Gross faces sentencing for "Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G), a class B misdemeanor or "petty offense." 18 U.S.C. § 19; 18 U.S.C. § 3559(a)(7). The statute carries a maximum incarceration period of six months. 18 U.S.C. § 3581(b)(7). The United States Sentencing Guidelines (Guidelines) do not apply. U.S.S.G. § 1B1.9. If the Court imposes any period of incarceration, the law does not permit the imposition of a term of supervised release to follow. 18 U.S.C. § 3583(b)(3).

Moreover, the Court must "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *United States v. Jones*, 846 F.3d 366, 372 (D.C. Cir. 2017) (citing *Koon v. United States*, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)).

A balance of the § 3553(a) factors in this case weighs in favor of a sentence that includes a two-year term of probation with conditions. In addition to standard supervision conditions, the special conditions that address the particular needs of this case and Mr. Gross.

**A. Like U.S Probation suggests, Juliano Gross's personal history and characteristics weigh in favor of a probationary sentence.**

Juliano Gross is an individual who suffers from and is being treated for mental health disorders. These are not minor mental health issues, Juliano was hospitalized on three separate occasions in 2016 and again in December of 2021. In the fall of 2020 and winter of 2021, he was particularly susceptible to the narrative being touted after the election by members of the executive branch and both broadcast and social media.

Juliano Gross is very disappointed in himself. He regrets going to Washington,

D.C. What began as a family trip to hear what he thought would be the President's last speech turned into a mob taking control of the halls of Congress.

Juliano mistakenly viewed himself as a spectator to what was occurring in the Capitol building, documenting the events, and parroting what others were saying. It was not until later that day that he fully appreciated his role He is ashamed of himself and was, quite frankly, in the immediate aftermath of the day.

### B.  The nature and circumstances of the offense are very serious.

There is no question that the historical events of January 6th were gravely dangerous to the country's democracy. The former President of the United States perpetuated statements about the results of an alleged unfair election, and that was propagated over and over again on social media and in news outlets. It is accurate to say that many participants truly believed that the election had been stolen. Juliano Gross's intent was just to peacefully protest but the events that unfolded were planned by people other than him who knew exactly how to prime and detonate the incendiary device that the beckoned to the nation's capital.

Juliano Gross recognizes that it was the individuals like him – and their willingness to follow along when the building's doors were breached – that allowed what began as a peaceful demonstration to turn into a mob. While he committed no physical harm, nor any destruction of property himself, he understands that his willful presence contributed to a gravely serious assault on the Capitol.

Juliano Gross willingly signed the government's request for a statement of offense, affirmatively responded to all plea allocution questions, met and cooperated with the F.B.I., the government and defense counsel in accordance with his plea and answered all questions asked of him.

### C. Probation will reflect the seriousness of the offense, promote respect for the law, and provide just punishment under § 3553(a)(2)(A).

The seriousness of the offense and respect for the law can be addressed through conditions of probation. Offenders on probation are nonetheless subject to several standard conditions that substantially restrict their liberty." *Frank v. United States*, 395 U.S. 147, 151, 89 S. Ct. 1503, 1506–07, 23 L. Ed. 2d 162 (1969) (while "certainly a less onerous restraint than jail itself," probation is "a significant infringement of personal freedom.").

Supervised probation has sufficient "teeth" to promote respect for the law, provide just punishment and address the seriousness of the offense. It is "no greater than necessary" to meet these sentence goals.

### D. General and personal deterrence can be effectuated with probation not incarceration.

Probation recommends a term of probation for a reason.  Incarceration is not the best means to effectuate general deterrence in this case especially, where Juliano Gross's involvement was non-violent and he immediately cooperated in the ensuing investigation.

Moreover, incarceration is not necessary to incapacitate Juliano Gross or prevent him personally from committing other crimes. First, the statute itself limits the possible incarceration period to six months, so the incapacitation argument is weak at the outset. There is nothing in Juliano Gross's record counseling the conclusion that he is so incorrigible that the public needs to be protected from further crimes even for a short period of time.

Juliano Gross has been on pretrial supervision without incident since the inception of the case which demonstrates he can be successfully supervised in the community.

> **E. The need for the sentence to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner" counsels in favor of probation**.

Juliano Gross continues to struggle with his mental health. A sentence of probation that includes a condition for mental health treatment will meet the need for the Court's sentence to provide him the necessary treatment in the most effective manner. A straight term of incarceration will provide no mental health care opportunities and would only increase the chance of a mental health crisis.

> **F. Probation will not create unwarranted sentencing disparities among similarly situated defendants.**

Section 3553(a)(6) requires the Court to consider "the need for the sentence imposed to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." The operative word, is, of course, "unwarranted," recognizing that there may be particular circumstances of a case that do warrant differences in the sentences imposed.

Juliano Gross stands before Your Honor as a man who has struggled with his mental health, having been hospitalized on four separate occasions after suffering psychosis episodes. Immediately after the events of January 6th when approached by the FBI, he voluntarily cooperated in the investigation into his conduct and the conduct of others. He has remained free from arrest for the nearly two years since this incident occurred.

**G. Conclusion**

For the foregoing reason, Mr. Gross asks the Court to impose a sentence of two years of probation.

Respectfully submitted,

Patrick N. McMahon,
Assistant Federal Public Defender
Counsel for Juliano Gross